NEW ORLEANS ACID & FERTILIZER COMPANY *v.* GRISSOM & SUGGS ET AL.

ATTACHMENT. *Bankruptcy. Claimant. Pleading.*

The claimants of property, seized under an attachment issued within four months of the debtor's adjudication as a bankrupt, cannot, on mere motion to that end, secure the delivery of the property to them, on the theory that the title was not in the debtor, but in his trustee in bankruptcy, and the plaintiff could not, therefore, show that the goods were subject to the attachment. There is privity of estate between the debtor and his trustee, and the cause must be disposed of on appropriate pleadings.

FROM the circuit court of Smith county.
HON. JOHN R. ENOCHS, Judge.

The opinion states the case.
The New Orleans Acid & Fertilizer Company, appellant, was plaintiff in the court below; Grissom & Suggs, two of the appellees were defendants there, and the other appellees were claimants of the property attached.

*Kirkland & Bullard,* for the appellant.
The right of property could not be tried on the claimants' motion suggesting the debtors' bankruptcy, which could only be availed of by the trustee in bankruptcy.

*S. L. McLaurin,* for the appellees.
The burden of proof was on the plaintiff, and the adjudication in bankruptcy made it impossible for it to show that the

goods were subject to attachment as the property of the defendant.

Argued orally by *R. L. Bullard,* for appellant, and by *S. L. McLaurin,* for appellee.

CALHOON, J., delivered the opinion of the court.

Appellant attached Grissom & Suggs, and property, which was seized as theirs, was claimed by Murray, Hollifield & Co., who, because Grissom & Suggs were declared bankrupts within four months from the beginning of the attachment suit, entered a mere motion that the property levied on be delivered to them, and the attachment lien discharged, and the court below sustained the motion. The contention is that the adjudication in bankruptcy vested all the property of defendants in their trustee in bankruptcy, and that, therefore, even if the attachment was rightfully sued out, and even if the property belonged to Grissom & Suggs when levied on, still the claimants were entitled to it, because the plaintiff in attachment had to show title in defendants in attachment as against the world before it could interfere with the claimants' possession and claim, which could not possibly be done when the title was in the trustee in bankruptcy.

We cannot agree to this. The trustee was no stranger to, but in privity of estate with Grissom & Suggs, with all the rights they had. Besides, there could be no disposition of this cause on a mere motion, but only on appropriate pleadings.

*Reversed and remanded.*